HOPPER et al. v. WEBER et al.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. ACTIONS ON CONTRACTS—BREACH—COUNTERCLAIM—BILL OF PARTICULARS—PARTIES ENTITLED TO.

An answer denied the allegations of a complaint to the effect that plaintiffs had fully performed the contract on which the action was based, with an exception specified; and as a counterclaim defendants alleged a breach of the contract by plaintiffs, and asked for damages therefor. *Held*, that plaintiffs were entitled to a bill of particulars specifying the instances in which defendants claimed they failed to complete the contract, and the particulars of the damages caused the defendants thereby.

Appeal from Special Term, New York County.

Action by Isaac A. Hopper and another against Gustavus C. Weber and another. From an order requiring defendants to serve a bill of particulars of a counterclaim set up in their answer, they appeal. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Alexander S. Andrews, for appellants.

Joseph E. Bullen, for respondents.

INGRAHAM, J. We think the court was justified in requiring the defendants to serve a bill of particulars. The answer denies the allegations of the complaint, which are to the effect that the plaintiffs had fully performed the contract upon which the action is based, with an exception specified; and then, as a counterclaim, the defendants alleged a breach of the contract by the plaintiffs, and ask to recover damages caused thereby. If the defendants should succeed in defeating the plaintiffs upon their right to recover, there would still remain undisposed of the question as to whether the defendants were entitled to an affirmative judgment against the plaintiffs for the damages sustained by reason of the plaintiffs' failure to complete the contract; and to enable the plaintiffs to meet that claim they are entitled to have the particulars as to the portions of the contract that the plaintiffs have failed to complete, upon which the defendants base their right to recover the damages, specified. The failure of the plaintiffs to prove that they had complied with their contract so as to be entitled to recover the amount payable by the contract would not of itself justify the court in awarding a judgment in favor of the defendants against the plaintiffs for damages that had been sustained by the plaintiffs' failure to complete the contract. To recover such damages it is necessary for the defendants to prove the breach by the

plaintiffs, and the damages sustained thereby; and to enable the plaintiffs to meet that claim of the defendants it is proper that they should be apprised of the particular instances in which the plaintiffs failed to complete the contract upon which the defendants base their right to recover, and the particulars of the damages caused the defendants thereby.

It is not necessary to consider the other clause of the order, which precludes the defendants from giving evidence as to the counterclaim in case of a default in the service of the bill of particulars, as that portion of the order is not appealed from, the notice of appeal limiting the appeal from so much of the order as directs the defendants to furnish certain particulars specified.

It follows that the order, so far as it is appealed from, is correct, and should be affirmed, with $10 costs and disbursements. All concur.