REITMAYER v. CROMBIE.

(Supreme Court, Appellate Division, First Department.  May 6, 1904.)

1. WORK AND LABOR—BREACH OF CONTRACT—BILL OF PARTICULARS.
      Where defendant in an action to recover the value of materials fur-
   nished and labor performed files a counterclaim alleging that the ma-
   terials were furnished and the work done under a contract which the
   plaintiff failed to keep and perform, to the damage of the defendant,
   he cannot be required by plaintiff to file a bill of particulars setting forth
   the breaches of the contract.
      Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Anton Reitmayer against Isabel H. Crombie.  From an
order requiring defendant to serve a bill of particulars of a counter-
claim, defendant appeals.  Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

James Kearney, for appellant.
Henry P. Lippold, for respondent.

McLAUGHLIN, J.  This action was brought to recover the value
of materials furnished and labor performed by the plaintiff for the
defendant (with the exception of a small item) in installing a heating
appliance in an apartment house.  In the answer interposed the de-
fendant alleged that the labor and materials for which a recovery was
sought were performed and furnished under an agreement which
the plaintiff failed to keep and perform on his part, in that he aban-
doned the work before its completion, and that the materials furnished
were not of the quality or the work performed of the character, called
for by the contract, by reason of which she had been damaged to
the extent of $370, which she pleaded by way of counterclaim.  Plain-
tiff served a reply, and then moved that the defendant serve a bill of
particulars of the alleged counterclaim, specifying in what respect the
plaintiff did not complete the work required by the agreement, in what
respect the materials furnished and the work performed were infe-
rior in quality and character to that called for by the contract, and
specifying particularly as to each item of work and material and the
location thereof, and also in what respect the performance of the
work and the furnishing of the materials was abandoned in an incom-
plete and unfinished state.  The motion was granted, and defendant
has appealed.

The order appealed from must be reversed.  Before the plaintiff
can recover, if the work were performed and materials furnished
under the agreement as alleged in the counterclaim, he must prove
performance upon his part.  The burden is upon him to show that
he has kept his agreement by performing the work within the time
specified, and that the materials are of the quality and the work of the
character called for.  He is no more entitled to a bill of particulars
because the defendant has seen fit to allege the existence of an agree-
ment than he would have been had he brought his action upon the con-

tract and defendant had interposed a general denial. In that case he would have to prove performance before he could recover, and that he must do now, if there were an agreement as defendant alleges.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

O'BRIEN, INGRAHAM, and HATCH, JJ., concur. VAN BRUNT, P. J., dissents.