SCHWARZSCHILD & SULZBERGER CO. v. EMPIRE STATE SURETY CO.

(Supreme Court, Appellate Division, First Department. November 20, 1908.)

PLEADING (§ 320*)—BILL OF PARTICULARS—BREACH OF BUILDING CONTRACT—
    NATURE OF BREACH.
    Where the complaint, in an action against the surety for the performance of a building contract, only alleged the making of the contract, the contractor's failure to perform its terms and conditions, and plaintiff's damage, defendant was entitled to a bill of particulars as to how the contractor failed to perform and the items of plaintiff's damage, as he cannot be assumed to know those facts.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 972; Dec. Dig. § 320.*]

Appeal from Special Term.

Action by the Schwarzschild & Sulzberger Company against the Empire State Surety Company. From an order denying a motion for a bill of particulars, defendant appealed. Order reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Ferd. W. Buermeyer, for appellant.
Alexander Pfeiffer, for respondent.

PER CURIAM. The plaintiff sues to recover upon a bond given by defendant to secure the performance of a building contract. The complaint alleges the making of the contract, the failure of the contractor to carry it out, and perform the terms and conditions thereof, and that plaintiff has thereby sustained damage. The defendant asks to be informed, by a bill of particulars, in what respects the contractor failed to carry out its contract, and what items go to make up the plaintiff's damage. We think that the motion should have been granted. Hopper v. Weber, 84 App. Div. 266, 82 N. Y. Supp. 567; Kelly v. St. Michael's Church, 124 App. Div. 505, 108 N. Y. Supp. 927. The defendant is not in the position of a plaintiff who alleges that he has fully performed on his part, and seeks to ascertain what the defendant claims has not been performed. In such case a bill of particulars has been refused to a plaintiff because he knows what he agreed to do, and what he did, and must prove, as well as allege, full performance. The defendant surety is not to be presumed to know wherein his principal failed, or what damages resulted therefrom, and is entitled to be informed what plaintiff claims upon these points, in order properly to prepare for trial.

Order appealed from reversed, with $10 costs and disbursements, and motion granted, with $10 costs.