OLIVER REFINING CO. v. ASPEGREN et al.

(Supreme Court, Appellate Division, First Department. November 18, 1910.)

1. PLEADING (§ 324*)—BILL OF PARTICULARS—SUFFICIENCY.

     Defendant's bill of particulars of his counterclaim stating: "Paid for use of 10 tank cars, etc., $760.00. Loss occasioned by failure of plaintiff to deliver cars as agreed, thus preventing the operation of the refinery, and the procuring, refining, and delivery of oil, $3,490.00"—was sufficiently specific, a bill of particulars not being required of the general damages resulting from the enforced cessation of the operation of the refinery.

     [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980–983, 985; Dec. Dig. § 324.*]

2. APPEAL AND ERROR (§ 157*)—DECISIONS REVIEWABLE—ORDER FOR FURTHER BILL OF PARTICULARS.

     Where defendant, on an order requiring him to file a bill of particulars of his counterclaim, sufficiently complied therewith without appeal, he could appeal from the court's further order requiring the bill of particulars to be made more specific.

     [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 157.*]

Appeal from Special Term, New York County.

Action by the Oliver Refining Company against Adolf Aspegren and another. From an order directing a further bill of particulars to defendants' counterclaim, they appeal. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Benno Lewinson, for appellants.
Arthur G. Stiles, for respondent.

SCOTT, J. Defendants appeal from an order requiring them to furnish a further bill of particulars. The question involved in the appeal arises under a counterclaim interposed by defendants as assignees of the Portsmouth Cotton Oil Refining Company. The allegation of the counterclaim is that plaintiff agreed to have 31 tank cars put in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes.

condition before the season arrived for shipping the product of the refinery, and that it failed to do so. The allegation in the answer is generally that by reason of such failure defendants suffered damage to the extent of $4,250. By a former order the defendants were required to specify:

"The various and sundry items, giving them in detail, which enter into and make up the alleged damages of $4,250, as alleged in the second counterclaim."

This order was not appealed from, and the defendant served a bill of particulars, in which it undertook to comply with the order by the following statement:

"Paid for use of 10 tank cars, etc., $760.00. Loss occasioned by failure of plaintiff to deliver cars as agreed, thus preventing the operation of the refinery, and the procuring, refining, and delivery of oil, $3,490.00."

The purpose of the present motion is to compel the defendant to specify in greater detail the particulars of the second item of damage as above stated. In our opinion the defendant had already sufficiently complied with the requirements of the first order. He had divided his claim into two items, one consisting of the rent of the cars, and the other consisting of what is known as general damages resulting from the enforced cessation of the operation of the refinery. It is not usually considered necessary or feasible to require a bill of particulars of such damages. Radcliffe v. N. Y. Cab Company, 134 App. Div. 451, 119 N. Y. Supp. 251; Floersheim v. Musical Courier Co., 103 App. Div. 388, 93 N. Y. Supp. 41.

It is contended that it is no longer open to defendant to refuse to give the particulars now demanded, because he did not appeal from the first order, and that that order required the specification of particulars now asked for. We do not so understand. The first order required a specification of the items going to make up the claim of $4,250. The defendant gave two items, one of particular damage, and one of general damage. This was an attempt, and, as we think, a successful one, to comply with the order, and left open the question whether or not the item of general damage should be more particularly specified. That question had been left untouched by the first order.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.