## HERRMAN v. LELAND.

(Supreme Court, Appellate Division, First Department. January 19, 1912.)

1. PLEADING (§ 317*)—BILL OF PARTICULARS—CLAIM FOR GENERAL DAMAGES.

In a case where the claim is for general damages, a bill of particulars will not usually be ordered, since it is often impracticable to furnish the items of such a claim.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS—ACTION EX CONTRACTU.

In a suit for services rendered as a master builder and agent of defendant in negotiating with materialmen and contractors, settling liens and charges upon an unfinished apartment house purchased by the defendant, and in procuring labor and materials necessary to complete the house and in supervising its completion, defendant set up a counterclaim for $25,000 for damages sustained by the plaintiff's negligence, inattention, and want of skill. *Held* that, while plaintiff was not entitled to the particulars of his negligence and failure to perform his agreement,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he was entitled to a bill of particulars of the items making up the damages claimed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by James S. Herrman against Francis L. Leland. From an order of Special Term denying the plaintiff's motion for a bill of particulars, plaintiff appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Richard T. Greene, for appellant.
Frank B. Colton, for respondent.

MILLER, J. While the pleadings take a wide range, the issue involved in this appeal comes within a narrow compass, and may be thus stated: The plaintiff sues for services rendered as a master builder and confidential agent of the defendant in negotiating with materialmen and contractors, and settling liens and charges upon an unfinished apartment house purchased by the defendant, and in procuring the labor and materials necessary to complete the same and in supervising such completion. The defendant sets up a counterclaim for damages sustained by the plaintiff's negligence, inattention, and want of skill, and asserts that, by reason thereof, the costs of satisfying said liens and charges and of completing the building was $115,-000, whereas it should have been only $90,000.

[1, 2] The plaintiff must prove performance of his contract, and, of course, should not be permitted to limit the defendant's proof on that issue. He was therefore not entitled to the particulars of the plaintiff's negligence and failure to perform his agreement. However, it will be exceedingly difficult for the plaintiff to prepare to meet the defendant's claim for damages unless apprised of the particulars thereof. That claim is based upon the alleged excess in the cost of completing an apartment house and in satisfying various liens and charges thereon over what should have been expended. It may involve the claims of one or of any number of materialmen and contractors. If the defendant is able to support his claim with proof, he should be able to furnish the plaintiff the particulars of it, whereas the plaintiff will be at a great disadvantage, unless he knows the items making up the defendant's claims. While it is not often practicable to furnish the items of a claim for general damages and for that reason such particulars are not usually required (Oliver Refining Company v. Aspegren, 140 App. Div. 549, 125 N. Y. Supp. 796), we think this case does not fall within that rule. The damages claimed in this case are, in a sense, special damages. The defendant will have to prove the specific items of excess cost, caused by the plaintiff's negligence, inattention, or failure to perform his contract, and should therefore be required to furnish the plaintiff those items. Hopper v. Weber, 84 App. Div. 266, 82 N. Y. Supp. 567; Kelly v. St. Michael's Roman Catholic Church, 124 App. Div. 505, 108 N. Y. Supp.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

927. Upon critical examination, the cases relied upon by the learned justice at Special Term and by the respondent on this motion will be found to support the conclusion we have reached. See Reitmayer v. Crombie, 94 App. Div. 303, 87 N. Y. Supp. 973; O'Rourke v. United States Mortgage & Trust Co., 95 App. Div. 518, 88 N. Y. Supp. 926; Brandt v. City of New York, 99 App. Div. 260, 90 N. Y. Supp. 929; Radcliffe v. New York Cab Co., 134 App. Div. 450, 119 N. Y. Supp. 251. In the first case cited the counterclaim was only for the sum of $350, and the court reversed an order requiring the defendant to specify the respects in which the plaintiff had failed to perform the contract. In Brandt v. City of New York, the defendant had not set up a counterclaim, but in that and the two other cases cited particulars were required.

The order should be reversed, with $10 costs and disbursements, and motion granted, requiring the defendant to furnish particulars of the items making up the sum of $25,000 in excess of the amount which the defendant claims was the reasonable cost of completing the building and satisfying liens and charges thereon, with $10 costs. All concur.