### P. J. DUFF & SONS, Inc., v. LEVIN.

(Supreme Court, Appellate Term.   April 13, 1912.)

PLEADING (§ 319*)—BILL OF PARTICULARS.

Plaintiff sued to recover the reasonable value of work and materials furnished to defendant, and the answer counterclaimed for damages for breaches of the contract, alleging that plaintiff did not do all the necessary work required, or furnish all the materials required by the contract, or comply with the plans, and that the work was negligently done, causing damage to the ceilings, walls, etc., in the sum of $2,000.   Held, that plaintiff was not entitled to a bill of particulars of the work and materials which defendant claimed were not furnished, and as to the failure to comply with the plans, but was entitled to a bill of particulars as to the rooms in which the ceilings and walls were damaged, and an itemized statement of the amounts of damage which make up the alleged damage of $2,000.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 970;  Dec. Dig. § 319.*]

Appeal from City Court of New York, Special Term.

Action by P. J. Duff & Sons, Incorporated, against Morris Levin. From an order granting a motion for a bill of particulars as to defendant's counterclaim, defendant appeals.   Order modified.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

---

Warren McConihe, of New York City, for appellant.

Dayton, Bailey & Middlebrook, of New York City (James A. Dayton, of counsel), for respondent.

GERARD, J.   The action is brought to recover the sum of $1,306, the alleged reasonable value of work, labor, services, and materials furnished by plaintiff to defendant, less certain payments made on account.   The answer contains a denial of the material allegations of the complaint, and then sets up counterclaims aggregating $4,025 for damages for alleged breach of contract; it being alleged in the answer that plaintiff performed certain work under a contract with defendant, that it did not do all the necessary work therein required, that it did not furnish all the materials required, that it did not do said work in accordance with the plans and specifications, and did the same carelessly and negligently, causing damage to the ceilings and walls, etc., of at least $2,000.   ·

The defendant was directed to serve upon the plaintiff· a bill of particulars, showing a detailed statement of the work and materials which were required by the contract but were not furnished by plaintiff, and a detailed statement, showing in what respects the work was not done in accordance with the plans and specifications, the particular rooms in the building in which the ceilings and walls were damaged, and an itemized statement of the amounts of damage which make up the alleged damage of $2,000.   The defendant claims that a bill of particulars cannot be ordered in this case, citing Reitmayer v. Crombie, 94 App. Div. 303, 87 N. Y. Supp. 973, O'Rourke v. U. S. Mortgage & Trust Company, 95 App. Div. 518, 88 N. Y. Supp. 926, Brandt v. City of New York, 99 App. Div. 260, 90 N. Y. Supp. 929, and Radcliffe v. N. Y. Cab Company, 134 App. Div. 450, 119 N. Y. Supp. 251, and also cites the decision at Special Term in Herrman v. Leland, N. Y. Law Journal, June 16, 1911, but he omits to state in his brief that Herrman v. Leland was reversed by the Appellate Division.   See Herrman v. Leland, 133 N. Y. Supp. 271, and in the opinion there Mr. Justice Miller reviews the cases cited by appellant.

In Herrman v. Leland the plaintiff sued for services rendered as a master builder and confidential agent of the defendant in negotiating with materialmen and contractors and settling liens and charges upon an unfinished house purchased by the defendant, and in procuring the labor and materials necessary to complete the same, and in supervising such completion.   The defendant set up a counterclaim for damages sustained by reason of the plaintiff's alleged negligence, in addition to want of skill, and alleged that by reason thereof the costs of satisfying said liens and charges and of completing the building was $115,000, whereas it should have been only $90,000; and it was held by Mr. Justice Miller that, as the plaintiff must prove performance of his contract, he should not be.permitted to limit the defendant's proof on that issue, and that he was, therefore, not entitled to the particulars of the plaintiff's negligence and failure to perform his agreement, but that it would be difficult for the plaintiff to prepare to meet the defendant's claim for damages unless apprised

of the particulars thereof, and therefore the defendant was required to furnish particulars of the items making up the sum of $25,000 in excess of the amount which the defendant claimed was the reasonable cost of completing the building and satisfying the charges thereon.

Following this decision, I think that the order should be reversed as to particulars 1, 2, and 3, which called for particulars of the work and materials required by the contract, which defendant alleges were not furnished, and also the demand which calls for particulars showing in what respect the work was not done in accordance with the plans and specifications; but the plaintiff is entitled to the particulars specified in demands Nos. 4 and 5, namely, the particular rooms in said building in which the ceilings and walls were damaged, and an itemized statement of the amounts of damage which make up the alleged damage of $2,000. And the order should be modified accordingly, without costs of this appeal to either party.

Settle order on two days' notice. All concur.